## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAYLA HAMAD, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:21-cv-00417 |
| MERCHANTS CREDIT GUIDE COMPANY, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION LLC, and EXPERIAN INFORMAION SOLUTIONS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW comes LAYLA HAMAD ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MERCHANTS CREDIT GUIDE COMPANY ("Merchants"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANSUNION LLC ("TransUnion"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois, Merchants resides within the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in Berwyn, Illinois, which is located within the Northern District of Illinois.

6. Merchants is a third party debt collector that claims to have been "helping people resolve debt for over 120 years."[1] Merchants is a corporation organized under the laws of the state of Illinois and maintains its principal place of business at 223 West Jackson Boulevard, Chicago, Illinois. Merchants regularly conducts business with consumers in the state of Illinois, and uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Illinois. Merchants is a furnisher of credit information to the major credit reporting agencies, including Equifax, TransUnion, and Experian.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on

---

[1] https://merchantscreditguide.com/index.php

a nationwide basis, including in the state of Illinois. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

8. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Illinois. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

9. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[2] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

10. On approximately August 26, 2017, Plaintiff received medical services from Surgical Associates of Oak Park and River Forest SC ("Surgical Associates").

11. At all times relevant hereto, Plaintiff had a health insurance plan through CountyCare, Cook County's largest Medicaid insurance provider.

12. The services Plaintiff received from Surgical Associates were to be completely covered by Plaintiff's CountyCare health plan, and Plaintiff submitted a claim to her insurer for the services.

13. CountyCare initially, and erroneously, denied Plaintiff's claim, resulting in Plaintiff's purported default on her obligation to Surgical Associates, in turn creating debt ("subject debt').

---

[2] https://www.experian.com/corporate/experian-corporate-factsheet.html

3

14. After Plaintiff's purported default, the subject debt was transferred or otherwise turned over to Merchants for collection efforts.

15. However, Plaintiff addressed the issue with CountyCare, who informed Surgical Associates that the claim was covered by her insurance and that Surgical Associates needed to cease its billing and attempts to collect the subject debt.

16. Nevertheless, despite Plaintiff having no actual obligation on the subject debt, Merchants began reporting the subject debt on Plaintiff's credit report as an account sent to collections with a balance of $2,350.

17. Plaintiff was shocked and surprised to find Merchants reporting this balance, as she had correspondence from CountyCare demonstrating that she did not owe the subject debt.

18. Consequently, Plaintiff initiated written credit disputes with TransUnion on or about July 14, 2020. Specifically, Plaintiff requested that TransUnion remove the erroneous credit reporting of the subject debt.

19. Upon information and belief, Merchants received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with TransUnion. *See* 15 U.S. Code §1681i(a)(2).

20. TransUnion never responded to Plaintiff's dispute.

21. Due to TransUnion's non-response, and further realizing the subject debt was now showing up on all of her credit reports, Plaintiff initiated further written credit disputes with Equifax, TransUnion, and Experian on or about November 24, 2020. Specifically, Plaintiff requested that the credit reporting agencies remove the erroneous credit reporting of the subject debt.

22. Upon information and belief, Merchants received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Equifax, TransUnion, and Experian. *See* 15 U.S. Code §1681i(a)(2).

23. TransUnion failed to reasonably investigate Plaintiff's credit disputes within 30 days of Plaintiff's disputes. Specifically, TransUnion never provided any response to Plaintiff's multiple credit disputes despite being provided clear information that the subject debt was not due and owing by Plaintiff. TransUnion instead continued to report the subject debt as in collections and with a balance of $2,350.

24. Equifax similarly failed to reasonably investigate Plaintiff's credit disputes within 30 days of Plaintiff's dispute. On or about December 5, 2020, Equifax sent Plaintiff a letter stating that it could not sufficiently respond to Plaintiff's dispute, and needed further information in order to locate Plaintiff's credit file. However, in connection with her November 24, 2020 dispute, Plaintiff sent Equifax both a copy of her social security card, as well as a copy of her driver's license showing her current address. As such, Equifax had all the information it needed to properly respond to Plaintiff's credit dispute. Equifax's failure to do so demonstrates that it failed to reasonably investigate Plaintiff's credit dispute within 30 days of Plaintiff's dispute. Had Equifax engaged in such investigation, it would have realized it had more than enough information to respond to the dispute and delete the trade line as requested. However, Equifax instead continued, and continues, to report the subject debt as being in collections with a balance of $2,350.

25. Experian also failed to reasonably investigate Plaintiff's credit disputes within 30 days of Plaintiff's dispute. Specifically, Experian never provided any response to Plaintiff's credit dispute despite bring provided clear information that the subject debt was not due and owing by Plaintiff. Experian instead continued to report the subject debt as in collections and with a balance of $2,350.

26. Despite having actual knowledge that Plaintiff was not obligated to pay the subject debt and after receiving Plaintiff's disputes, Defendants continued to report the subject debt as in collections and with a balance of approximately $2,350.

27. The reporting of the Surgical Associates trade line is patently inaccurate and materially misleading because Plaintiff never had any obligation on the subject debt.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

28. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and thus a high-risk consumer.

29. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

30. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of a credit monitoring services through Experian, to help monitor Defendants' reporting, the loss of credit opportunity, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

31. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax, TransUnion, and Experian credit files.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST MERCHANTS)

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

34. Merchants is a "person" as defined by 15 U.S.C. §1681a(b).

35. Merchants is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

36. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

37. Merchants violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, Equifax, Experian, and Plaintiff.

38. Merchants violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by TransUnion, Equifax, Experian, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

39. Had Merchants reviewed the information provided by TransUnion, Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to TransUnion, Equifax, and Experian. Instead, Merchants wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

40. Merchants violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with TransUnion, Equifax, and Experian.

41. Merchants violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion, Equifax, and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

42. Merchants violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion, Equifax, and Experian credit files.

43. Merchants failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's TransUnion, Equifax, and Experian credit files within 30 days of receiving notice of the disputes from TransUnion, Equifax, and Experian under 15 U.S.C. §1681i(a)(1).

44. Despite the blatantly obvious errors in Plaintiff's TransUnion, Equifax, and Experian credit files, and Plaintiff's efforts to correct the errors, Merchants did not correct the errors or trade line to report accurately. Instead, Merchants wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

45. A reasonable investigation by Merchants would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's TransUnion, Equifax, and Experian credit files.

46. Had Merchants taken steps to investigate Plaintiff's valid disputes or TransUnion's, Equifax's, and/or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

47. By deviating from the standards established by the debt collection industry and the FCRA, Merchants acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion, Equifax, and Experian.

WHEREFORE, Plaintiff, LAYLA HAMAD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Merchants to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST MERCHANTS)

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

50. Merchants is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts and further as it is a business whose principal purpose is the collection of debts.

51. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

52. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53. In addition, this section enumerates specific violations, such as:

> "Communicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); and

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

54. Merchants violated 15 U.S.C. §§ 1692e, e(8), and e(10) through its continued reporting of the subject debt despite the multiple disputes and information provided by Plaintiff. Upon information and belief, Merchants was made aware that the subject debt should not continue to be reported by the subject debt, or at the very least should have known that the subject debt was being reported inaccurately, yet Merchants continued with its reporting of the subject debt on Plaintiff's credit reports, in direct violation of the FDCPA.

WHEREFORE, Plaintiff, LAYLA HAMAD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

55. Plaintiff restate and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

57. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

58. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

59. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

60. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

61. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

62. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

63. Plaintiff provided Equifax with all relevant information in her request for investigation to reflect that she is no longer liable for the subject account.

64. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed, when in fact, Plaintiff was no longer obligated to pay on the subject account.

65. Equifax further failed to reasonably investigate Plaintiff's dispute, instead falsely suggesting that Plaintiff needed to provide further information which Plaintiff had already provided to Equifax.

11

66. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff despite knowing the inaccuracy of such information.

67. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

68. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Merchants. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Merchants regarding Plaintiff's dispute that Equifax received from Plaintiff.

69. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

70. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

71. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Merchants that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

72. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Merchants trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

73. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

74. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

75. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

76. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

77. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

78. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff put Equifax on notice that she was not obligated to pay the subject account.

79. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

80. As stated above, Plaintiff was severely harmed by Equifax's conduct.

WHEREFORE, Plaintiff, LAYLA HAMAD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST TRANSUNION)

81. Plaintiff restates and realleges paragraphs 1 through 80 as though fully set forth herein.

82. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

83. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

84. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

85. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

86. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

87. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

88. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

89. Plaintiff provided TransUnion with all relevant information in her request for investigation to reflect that she is no longer liable for the subject account on multiple occasions.

90. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed, when in fact, Plaintiff was no longer obligated to pay on the subject account.

91. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

92. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

93. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Merchants. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Merchants regarding Plaintiff's dispute that TransUnion received from Plaintiff.

94. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

95. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

96. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Merchants that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

97. TransUnion knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Merchants trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

98. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

99. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

100. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

101. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

102. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

103. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff was not obligated to pay the subject account.

104. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

105. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, LAYLA HAMAD respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

106. Plaintiff restates and realleges paragraphs 1 through 105 as though fully set forth herein.

107. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

108. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

109. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

110. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

111. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

112. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

113. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

114. Plaintiff provided Experian with all relevant information in her request for investigation to reflect that she is no longer liable for the subject account.

115. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed, when in fact, Plaintiff was no longer obligated to pay on the subject account.

18

116. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

117. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

118. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Merchants. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Merchants regarding Plaintiff's dispute that Experian received from Plaintiff.

119. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

120. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

121. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Merchants that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

122. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Merchants trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

123. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

124. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

125. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

126. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

127. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

128. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff was not obligated to pay the subject account.

129. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

130. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, LAYLA HAMAD respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: January 25, 2021                                    Respectfully submitted,

s/ Nathan C. Volheim                                       s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                           Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Northern District of Illinois              Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (331) 307-7648 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   ecoleman@sulaimanlaw.com


s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com